IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| ASHLEY DARLING and ) | |
| MARK BURNETT, individually ) | |
| and as the natural parents and next of kin ) | |
| for and on behalf of ) | |
| AUSTIN LEE DARLING, deceased, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case 2:15-cv-02429-STA-cgc |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| UNITED STATES OF AMERICA d/b/a ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HEALTH AND HUMAN SERVICES d/b/a ) | |
| CHRIST COMMUNITY HEALTH ) | |
| SERVICES, ) | |
| ) | |
| Defendants. ) | |

---

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO COURT TO REMOVE
AND CONSOLIDATE CASES WITHOUT PREJUDICE

---

Before the Court is Plaintiffs Ashley Darling and Mark Burnett's Unopposed Motion for Leave of Court to Remove and Consolidate Cases (ECF No. 20) filed on January 7, 2016. Plaintiffs seek leave to remove, or request that the Court remove, a pending action from the Circuit Court for Shelby County, Tennessee, docketed as CT-003549-13. According to Plaintiffs, the state court action is a companion case that arises from the same events that form the basis for their claims in the suit at bar. Plaintiffs explain the procedural history of the claims and show that they originally filed suit in state court against Christ Community Health Services d/b/a Broad Avenue Health Center; Shelby County Health Care Corporation d/b/a The Regional

Medical Center at Memphis a/k/a The Med; and a number of physicians. The defendants removed the action to this Court. The case was docketed as case number 2:13-cv-02963-SHL-cgc. When certain defendants filed motions to dismiss Plaintiffs' claims, Plaintiffs were granted leave to voluntarily dismiss their claims without prejudice so that they could comply with the procedural requirements of the Federal Tort Claims Act. At that point only Plaintiffs' claim against The Med remained. So the Court remanded Plaintiffs' claim against The Med to state court where it remains pending under docket number CT-003549-13.

Plaintiffs refiled their voluntarily dismissed claims in the case at bar on January 24, 2015. The case was transferred to the undersigned for all further proceedings on August 6, 2015. The Court held a scheduling conference and entered a scheduling order on October 23, 2015. A non-jury trial is set for October 17, 2016. Plaintiffs now request leave to remove, or that "this Court exercise its discretion and remove," Plaintiffs' claims pending in state court case under docket number CT-003549-13 so that the two cases may be consolidated. Plaintiffs argue that this Court has original jurisdiction over the claims in the case before it. As such, the Court has the authority to exercise supplemental jurisdiction over the claims in the state court matter. Plaintiffs state that Defendants do not oppose their request for relief.

The Court finds that Plaintiffs' Motion is somewhat irregular and fails to show how this Court or the Plaintiffs themselves can remove a case from state court. While the Court understands what Plaintiffs are trying to accomplish, Plaintiffs have not cited any statute or Federal Rule of Procedure granting this Court the authority to "remove" a claim from a state court. Plaintiffs have also not shown how a plaintiff may "remove" his or her own complaint from a state court and bring it before a United States District Court. Under 28 U.S.C. § 1441(a), only a defendant may remove a civil action from a state court, and then only where the federal

court has original jurisdiction over the action.  There are no doubt other means of properly bringing a claim pending in the Circuit Court of Shelby County, Tennessee before this Court.  But Plaintiffs' request for the Court to remove a case from state court or to permit Plaintiffs to remove the case is not well-taken.  Therefore, the Motion to Remove is **DENIED** but without prejudice to bring Plaintiffs' state court claims before this Court in the proper way.  Having denied Plaintiffs' request to remove the state action to this Court, the Court need not reach the issue of consolidation.

    **IT IS SO ORDERED.**

    s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

    Date: January 14, 2016