IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

ASHLEY DARLING and                          )
MARK BURNETT, individually                  )
and as the natural parents and next of kin  )
for and on behalf of                        )
AUSTIN LEE DARLING, deceased,               )
                                            )
    Plaintiffs,                           )
                                            )
v.                                          )   Case 2:15-cv-02429-STA-cgc
                                            )
UNITED STATES OF AMERICA,                   )
UNITED STATES OF AMERICA d/b/a              )
UNITED STATES DEPARTMENT OF                 )
HEALTH AND HUMAN SERVICES d/b/a             )
CHRIST COMMUNITY HEALTH                     )
SERVICES,                                   )
                                            )
    Defendants.                           )
_____

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
_____

    Before the Court is Defendant United States of America's Motion for Summary Judgment (ECF No. 33) filed on June 9, 2016. Plaintiffs Ashley Darling and Mark Burnett have responded in opposition, and Defendant has filed a reply. The parties having completed their briefing, Defendant's Motion for Summary Judgment is now ripe for determination. For the reasons set forth below, Defendant's Motion is **DENIED**.

**BACKGROUND**

    Plaintiffs' Complaint (ECF No. 1) alleges claims against Defendants under the Tennessee Healthcare Liability Act, Tenn. Code Ann. § 29-26-101 et seq., and the Federal Tort Claims Act,

1

28 U.S.C. § 1346(b). Defendant United States of America now seeks judgment as a matter of law on the admissibility of Plaintiffs' designated expert Jeffrey Greenspoon, M.D.

Pursuant to Local Rule 56.1(a), Defendant has prepared a statement of facts "to assist the Court in ascertaining whether there are any material facts in dispute."[1] A fact is material if the fact "might affect the outcome of the lawsuit under the governing substantive law."[2] A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3] For purposes of summary judgment, a party asserting that a material fact is not genuinely in dispute must cite particular parts of the materials in the record and show that the materials fail to establish a genuine dispute or that the adverse party has failed to produce admissible evidence to support a fact.[4]

As the non-moving parties, Plaintiffs are required to respond to Defendant's statements of fact "by either (1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (3) demonstrating that the fact is disputed."[5] Additionally, Plaintiffs may "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."[6] Where Plaintiffs assert that a genuine dispute of material fact exists, Plaintiffs must support their

---

[1] Local R. 56.1(a).

[2] *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citing *Wiley v. United States,* 20 F.3d 222, 224 (6th Cir. 1994) and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986)).

[3] *Anderson,* 477 U.S. at 248.

[4] Fed. R. Civ. P. 56(c)(1).

[5] Local R. 56.1(b).

[6] Fed. R. Civ. P. 56(c)(2).

contention with a "specific citation to the record."[7] If Plaintiffs fail to demonstrate that a fact is disputed or simply fails to address Defendant's statement of fact properly, the Court will "consider the fact undisputed for purposes" of ruling on the Motions.[8] Under Rule 56 of the Federal Rules of Civil Procedure, the Court "need consider only the cited materials" but has discretion to "consider other materials in the record."[9] The Court finds that for purposes of Defendant's Motion for Summary Judgment, there is no genuine dispute as to the following material facts, unless otherwise noted.

Jeffrey Greenspoon, M.D. is the only medical expert witness disclosed by the Plaintiffs. (Def.'s Statement of Undisputed Fact ¶ 1.) Dr. Greenspoon has never been licensed to practice medicine in Tennessee and has never been to Tennessee. (*Id.* ¶ 8.) Dr. Greenspoon submitted a report as required by Federal Rule of Civil Procedure 26(a)(2)(B). (*Id.* ¶ 2.) Dr. Greenspoon's report included his curriculum vitae. (*Id.*) According to Dr. Greenspoon's Curriculum Vitae, for 17 months from June 2011 until November 2012, he worked as a physician in Van Nuys, California. (*Id.*) Plaintiffs add that Dr. Greenspoon has been licensed to practice medicine in Missouri since 2007 and that he performed *locum tenens* work in Springfield, Missouri, on multiple occasions between June 20, 2011, and August 31, 2012. (Pls.'s Resp. to Def.'s Statement of Fact ¶ 2.) During the 17 months he worked as a physician in Van Nuys, California, Dr. Greenspoon lived in Los Angeles and was employed full time as a physician, working at two

---

[7] Local R. 56.1(b).

[8] Fed. R. Civ. P. 56(e)(2); *see also* Local R. 56.1(d) ("Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these rules shall indicate that the asserted facts are not disputed for purposes of summary judgment.").

[9] Fed. R. Civ. P. 56(c)(3).

hospitals in California: Van Nuys Valley Presbyterian Hospital and St. Mary's Hospital in Long Beach. (Def.'s Statement of Undisputed Fact ¶ 3.) During those 17 months, Dr. Greenspoon's typical work week at those two California hospitals was 60 hours. (*Id.* ¶ 4.)

Defendant asserts that during those 17 months he spent in California, Dr. Greenspoon did not have a medical practice in Missouri, though Plaintiffs again state that Dr. Greenspoon performed work on several occasions in Springfield, Missouri. (*Id.* ¶ 5; Pls.'s Resp. to Def.'s Statement of Fact ¶ 5.) Dr. Greenspoon testified during his deposition that (a) he may have traveled to Springfield, Missouri once, possibly twice, for *locum tenens* work; (b) he did not know the dates when he did *locum tenens* work in Missouri; and (c) he did not know how long his *locum tenens* stints in Missouri were, but he "think[s] it was about a week." (Def.'s Statement of Undisputed Fact ¶ 6.) Dr. Greenspoon also testified that he did not know whether he worked as a *locum tenens* physician in Missouri *at any time during the year preceding the August 16, 2012* – the date of the alleged negligence in this case. (*Id.* ¶ 7.) Plaintiffs add that Dr. Greenspoon agreed during his deposition to find and provide to Defendant the exact dates of his *locum tenens* work in Missouri. Pls.'s Resp. to Def.'s Statement of Fact ¶¶ 6, 7.)

As part of their response to Defendant's Rule 56 Motion, Plaintiffs have submitted an affidavit from Dr. Greenspoon (ECF No. 36) in which he elaborates on his *locum tenens* work in Missouri. According to Dr. Greenspoon's affidavit, he performed *locum tenens* work for Patricia Dix, M.D. at the Regional Perinatal Clinic and at Cox Health Hospital-South Campus, both in Springfield, Missouri. (Greenspoon Aff. 2.) Dr. Greenspoon performed *locum tenens* work on the following dates: June 20 to 26, 2011; November 7 to 9, 2011; January 28 to February 12, 2012; July 26 to 30, 2012; August 28 to 31, 2012. (*Id.*) Dr. Greenspoon moved his practice to Missouri to work full-time with Dr. Dix in November 2012. (*Id.*)

4

In its Motion for Summary Judgment, Defendant argues that Dr. Greenspoon is not qualified to give testimony at trial about the relevant standard of care. Under Tenn. Code Ann. § 29-26-115, Tennesee has adopted a locality rule and requires that a medical expert witness must have practiced his medical specialty in Tennesee or in a bordering state during the year preceding the alleged injury or wrongful conduct. In this case Plaintiffs claim that Defendant is liable for injuries that occurred as a result of deviations from the applicable standard of care on August 16, 2012. Plaintiffs have the burden then to adduce competent expert medical proof from a witness who practiced his medical specialty either in Tennessee or a bordering state in the year preceding August 16, 2012. Defendant contends that Dr. Greenspoon cannot satisfy Tenn. Code Ann. § 29-26-115's locality rule because Dr. Greenspoon did not practice in a bordering state in the year before August 16, 2012. Therefore, Defendant is entitled to judgment as a matter of law on Plaintffs' healthcare liability claims for lack of competent expert proof.

Plaintiffs have responded in opposition to Defendant's Motion for Summary Judgment. Plaintiffs point out that Dr. Greenspoon was at all times relevant licensed as a physician in the state of Missouri. Plaintiff have also produced an affidavit from Dr. Greenspoon and argue that the affidavit shows Dr. Greenspoon practiced a total of 24 days in Missouri between August 17, 2011, and August 16, 2012. Under Tennessee law, the locality rule does not require a full year of continuous practice. The Tennessee Court of Appeals has held that the locality rule only requires that a physician practice "at some time during the preceding year." In *Steele v. Ft. Sanders Anesthesia Group, P.C.*, 897 S.W.2d 270 (Tenn.Ct.App. 1994), the Tennessee Court of Appeals concluded that a physician who had practiced for two months out of the preceding year satisfied Tennessee's locality rule. Dr. Greenspoon practiced 24 days out of the year preceding

August 16, 2012, and Dr. Greenspoon has practiced continuously in Missouri since November 2012. Therefore, the Court should deny Defendant's Motion for Summary Judgment.

Defendant has filed a reply brief in further support of its Motion for Summary Judgment. Defendant first argues that Plaintiffs' brief misstates the number of days Dr. Greenspoon worked in Missouri during the year that matters. According to Dr. Greenspoon's affidavit, he worked 20 days (less weekends), not 24 or 34 days as Plaintiffs' brief claims. Dr. Greenspoon's work in Missouri was minimal. His full-time practice was centered in California. Dr. Greenspoon had no patients of his own in Missouri. Dr. Greenspoon did not even bother to list his *locum tenens* work on his curriculum vitae. Defendant argues that Tennessee's locality rule may not require continuous practice but it does require meaningful establishment of a medical practice. Dr. Greenspoon's contact with Missouri was "trivial, transitory, and temporary." Therefore, Plaintiffs have failed to satisfy the standard of Tenn. Code Ann. § 29-69-115.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that a party is entitled to summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] The Supreme Court has stated that "[t]hough determining whether there is a genuine issue of material fact at summary judgment is a question of law, it is a legal question that sits near the law-fact divide."[11] In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party,[12] and the "judge may not make credibility determinations or weigh the

---

[10] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009).

6

evidence."[13] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[14] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[15] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[16] In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [his] asserted causes of action."[17]

When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[18] Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[19]

---

[12] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[13] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[14] *Celotex*, 477 U.S. at 324.

[15] *Matsushita*, 475 U.S. at 586.

[16] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[17] *Lord v. Saratoga Cap., Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[18] *Anderson*, 477 U.S. at 251–52.

[19] *Celotex*, 477 U.S. at 322.

## ANALYSIS

The Court holds that Dr. Greenspoon is qualified under Tennessee's locality rule to testify as Plaintiffs' expert witness. A federal court sitting in diversity must apply the substantive law of the state in which it sits[20] but will apply federal procedural rules.[21] The Supreme Court has never directly addressed the interaction of *Erie* doctrine with the Federal Rules of Evidence. Specifically, the Court has never addressed the seeming tension between Federal Rules of Evidence 601 and 702. Federal Rule of Evidence 601 states "in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision."[22] Federal Rule of Evidence 702, however, deals with a witness's qualification to give expert witness testimony rather than his competency.[23] The Sixth Circuit uses a two-step inquiry to resolve this seeming tension in cases involving Tenn. Code Ann. § 29–26–115(b): first, the court looks to witness competency under § 29–26–115(b), a consideration "intimately intertwined with the substantive law"; second, the court looks to the witness's qualifications under F.R.E. 702.[24]

In *Shipley,* the Tennessee Supreme Court held "when determining whether a witness is competent to testify, the trial court should look to subsection (b) of Tenn. Code Ann. § 29–26–115.[25] Tenn. Code Ann. § 29–26–115(b) provides in relevant part

---

[20] 28 U.S.C. § 1652; *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

[21] *Hanna v. Plumer,* 380 U.S. 460 (1965).

[22] Fed. R. Evid. 601.

[23] Fed. R. Evid. 702.

[24] *Legg v. Chopra*, 286 F.3d 286, 291–92 (6th Cir. 2002).

[25] *Cardwell v. Bechtol,* 724 S.W.2d 739, 751 (Tenn. 1987).

(b) No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a), unless the person was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case and had practiced this profession in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred.[26]

In the words of the *Shipley* court, subsection (b) sets forth three requirements. The witness must be (1) "licensed to practice in the state or a contiguous bordering state," (2) "a profession or specialty which would make the person's expert testimony relevant to the issues in the case," and (3) must have "had practiced this profession or specialty in one . . . of these states during the year preceding the date that the alleged injury or wrongful act occurred."[27] The Tennessee Supreme Court in *Shipley* held that one of the grounds for "disqualifying a medical expert as incompetent to testify" is "that the witness did not practice this profession in one of these [bordering] states during the year preceding the date of the alleged injury or wrongful act."[28] Ordinarily, unless the alleged misconduct is so egregious and obvious as to be within the knowledge of an average layperson, a plaintiff must produce expert testimony to sustain allegations of malpractice.[29]

The only issue presented in Defendant's Motion for Summary Judgment is whether Dr. Greenspoon can satify § 29–26–115(b)'s third requirement, namely whether he practiced in Missouri "during the year preceding the date that the alleged injury or wrongful act occurred." The Court holds that Dr. Greenspoon has met this requirement. As a matter of statutory construction, Tenn. Code Ann. § 29–26–115(b) only requires that a proposed medical expert

---

[26] Tenn. Code Ann. § 29–26–115(b).

[27] *Shipley,* 350 S.W.3d at 550.

[28] *Id.*

[29] *Bowman v. Henard,* 547 S.W.2d 527, 530–31 (Tenn.1977).

practice in a relevant state "during the year preceding the date that the alleged injury or wrongful act occurred." The Tennessee Court of Appeals has construed the statute to require something less than a full year of practice in a relevant state and defined the word "during" to mean "at some time during the preceding year."[30] Under this broad definition, Dr. Greenspoon has met the requirement that he must have engaged in his practice "at some time during the preceding year. Dr. Greenspoon's summary judgment affidavit shows that during the period between August 17, 2011 and August 16, 2012, he practiced medicine in Missouri for a total of 24 days. While it is true that Dr. Greenspoon's practice in Missouri was intermittent and temporary in nature, the Court holds that this suffices to met Tenn. Code Ann. § 29–26–115(b)'s requirement that his practice occurred "during the year preceding the date that the alleged injury or wrongful act occurred." Therefore, Defendant's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 31, 2016.

---

[30] *Steele v. Ft. Sanders Anesthesia Group, P.C.*, 897 S.W.2d 270, 280 (Tenn Ct. App. 1994).